IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

JACKIE LOLLIS, )
)
Plaintiff, ) No. 9:16-cv-2566-DCN
vs. )
) **ORDER**
NANCY A. BERRYHILL, *Acting* )
*Commissioner of Social Security* )
*Administration*,[1] )
)
Defendant. )
_____ )

This matter is before the court on United States Magistrate Judge Bristow Marchant's Report and Recommendation ("R&R") that this court affirm Acting Commissioner of Social Security Nancy A. Berryhill's ("the Commissioner") decision denying plaintiff Jackie Lollis's ("Lollis") application for disability insurance benefits ("DIB"). Lollis filed objections to the R&R. For the reasons set forth below, the court rejects the R&R, reverses the Commissioner's decision, and remands for further administrative proceedings.

## I. BACKGROUND

Unless otherwise noted, the following background is drawn from the R&R.

### A. Procedural History

Lollis filed an application for DIB[2] on June 16, 2008, alleging disability beginning on February 29, 2004, which was later amended to April 12, 2008.[3] The

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security; therefore, she is substituted as the named defendant pursuant to Federal Rule of Civil Procedure 25(d).

1

Social Security Agency denied Lollis's claim initially and on reconsideration. Lollis requested a hearing before an administrative law judge ("ALJ"), and ALJ Avots held a hearing on April 23, 2010.

The ALJ issued a decision on July 28, 2010, finding Lollis capable of a range of medium work with environmental limitations, and therefore, not disabled under the Social Security Act. Lollis requested Appeals Council review of the ALJ's decision. The Appeals Council denied Lollis's request for review, rendering the ALJ's decision the final decision of the Commissioner. Lollis appealed to this court, which reversed the ALJ's July 28, 2010 decision and remanded Lollis's claim for further administrative proceedings. On November 24, 2014, ALJ Harold Chambers held Lollis's second hearing and issued a decision on January 8, 2015, finding Lollis capable of performing a range of light work with postural and environmental limitations, and therefore, not disabled.

On July 18, 2016, Lollis filed this action seeking review of the ALJ's decision. The magistrate judge issued an R&R on June 16, 2017, recommending that this court affirm the ALJ's decision. Lollis filed objections to the R&R on June 30, 2017, to which the Commissioner responded on July 10, 2017. The matter is now ripe for the court's review.

---

[2] On June 16, 2008, Lollis also filed an application for supplemental security income; however, because he did not pursue his supplemental security income application, this appeal concerns only his claim for DIB. See Tr. 14, 114–17.

[3] Three days after the April 23, 2010 hearing before ALJ Ivar E. Avots, Lollis sought to amend his alleged onset date from February 29, 2004 to April 12, 2008. The ALJ granted said request, noting that the amended onset date is immaterial to his finding that Lollis is not disabled.

2

### B. Medical History

Because Lollis's medical history is not directly at issue here, the court dispenses with a lengthy recitation thereof and instead notes a few relevant facts. Lollis was born on February 8, 1954, and was fifty-four years old on the alleged onset date. He has a high school education and past relevant work experience as a machine cleaner and machine tender.

### C. ALJ's Findings

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The Social Security regulations establish a five-step sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520. Under this process, the ALJ must determine whether the claimant: (1) "is currently engaged in substantial gainful activity;" (2) "has a severe impairment;" (3) has an impairment which equals an illness contained in 20 C.F.R. § 404, Subpt. P, App'x 1, "which warrants a finding of disability without considering vocational factors;" (4) if not, whether the claimant has an impairment that prevents him from performing past relevant work; and (5) if so, "whether the claimant is able to perform other work considering both his remaining physical and mental capacities" (defined by his residual functional capacity) and his "vocational capabilities (age, education, and past work experience) to adjust to a new job." Hall v. Harris, 658 F.2d 260, 264–65 (4th Cir. 1981); 20 C.F.R. § 404.1520(a)(4). The applicant bears the burden of proof during the

first four steps of the inquiry, while the burden shifts to the Commissioner for the final step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)).

The ALJ employed the statutorily-required five-step sequential evaluation process to determine whether Lollis was disabled from April 12, 2008, through the date last insured, June 30, 2008. The ALJ first determined that Lollis did not engage in substantial gainful activity during the period at issue. Tr. 386. At the second step, the ALJ found that Lollis suffered from the following severe impairments: obesity, chronic obstructive pulmonary disease, hypertension, coronary artery disease status post Endeavor stent to the left anterior descending artery, cardiomyopathy, global hypokinesis, obstructive sleep apnea, degenerative disc disease, and diabetes mellitus. Tr. 386. At step three, the ALJ found that Lollis's impairments or combination of impairments did not meet or equal one of the listed impairments in the Agency's Listings of Impairments ("the Listings"). Tr. 389; see 20 C.F.R. Part 404, Subpt. P, App'x 1. Before reaching the fourth step, the ALJ determined Lollis had the residual functional capacity ("RFC") to perform light work as defined by 20 C.F.R. 404.1567(b). Tr. 389. Specifically, the ALJ found that Lollis had the ability to: perform simple, routine tasks in a work environment with no fast-paced production work or fast-paced work; lift and carry fifteen to twenty pounds occasionally and ten pounds frequently; sit for up to six hours and stand or walk for four to six hours during an eight-hour workday with normal breaks; occasionally push and pull with the upper extremities bilaterally and operate foot controls with the lower extremities bilaterally; frequently balance; use the opposite upper extremity to lift and carry to the exertional limits; occasionally stoop; occasionally climb ramps and stairs but no more

than four steps at one time and with the assistance of a single handrail; but must: never climb ladders, ropes, or scaffolds; be able to use an assistive device (i.e. cane) for uneven terrain and prolonged ambulation (defined as walking more than thirty minutes at one time); never crouch, kneel, or crawl; avoid concentrated exposure to extreme heat/cold, wetness/humidity, and hazards (i.e. use of moving machinery, unprotected heights); and avoid even moderate exposure to environmental irritants (fumes, odors, dusts, gases) and poorly ventilated areas and chemicals. Tr. 389. The ALJ found at step four that Lollis was unable to perform any past relevant work. Tr. 393. Finally, at step five, the ALJ determined that, considering Lollis's age, education, work experience, and RFC, he could perform jobs existing in significant numbers in the national economy and concluded that he was not disabled during the period at issue. Tr. 393–94.

## II. STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the magistrate judge's conclusions. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). The R&R carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270–71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (citations omitted). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id.

(citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id. (citation omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ][,]" not on the reviewing court. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (citation omitted). However, "[a] factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987) (citations omitted).

### III. DISCUSSION

Lollis objects to the R&R, arguing that the magistrate judge erred in properly weighing the opinion of his treating physician Dr. Charles F. Wadee. Pl.'s Objs. 1.

The Social Security Administration typically gives greater weight to the opinion of a treating physician because a treating physician is best able to provide a "detailed, longitudinal picture" of the claimant's alleged disability. See 20 C.F.R. § 404.1527(c)(2). However, the ALJ has the discretion to give less weight to the testimony of a treating physician if there is "persuasive contrary evidence." Hunter, 993 F.2d at 35 (citation omitted).

If the ALJ chooses to discredit the report of the treating physician, he must fully articulate the reasons for doing so. DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983). When a treating physician's opinion does not merit controlling weight, the ALJ evaluates the opinion using the following factors: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the

applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005) (per curiam) (citing 20 C.F.R. § 404.1527). The Fourth Circuit has not mandated that the ALJ expressly discuss each factor, and another court in this district has held that "an express discussion of each factor is not required as long as the ALJ demonstrates that he applied the . . . factors and provides good reasons for his decision." Hendrix v. Astrue, No. Civ. A. 1:09-01283-HFF, 2010 WL 3448624, at *3 (D.S.C. Sept. 1, 2010). A district court will not disturb an ALJ's determination as to the weight to be assigned to a medical opinion, including the opinion of a treating physician, "absent some indication that the ALJ has dredged up specious inconsistencies . . . or has not given good reason for the weight afforded a particular opinion." Craft v. Apfel, 164 F.3d 624, 1998 WL 702296, at *2 (4th Cir. 1998) (per curiam) (unpublished table decision) (citations omitted). "[E]ven where the treating physician's opinion is not entitled to 'controlling weight' because it is inconsistent with the other substantial evidence in the case record, the treating physician's opinion should not be wholly rejected." Zarkowski v. Barnhart, 417 F. Supp. 2d 758, 765 (D.S.C. 2006).

The ALJ is obligated to explain his findings and conclusions on all material issues of fact, law, or discretion presented. 5 U.S.C. § 557(c)(3)(A). "Strict adherence to this statutorily-imposed obligation is critical to the appellate review process[,]" and courts have remanded cases "where the reasoning for the [ALJ's] conclusion is lacking and therefore presents inadequate information to accommodate a thorough review." See v. Wash. Metro. Area Transit Auth., 36 F.3d 375, 384 (4th Cir. 1994) (citation omitted).

7

In the instant case, ALJ Chambers accorded "little weight" to Dr. Wadee's opinion. Tr. 392. According to Lollis, the ALJ discounted Dr. Wadee's opinion for three reasons: (1) he determined that it was inconsistent with Dr. Wadee's treatment records; (2) he determined that it was inconsistent with Lollis's responses set forth in his Function Report and at the hearing; and (3) he took issue with the format of Dr. Wadee's November 18, 2012 statement because it was prepared by Lollis's attorney.[4] Pl.'s Objs. 1 (citing Pl.'s Br. 12–21).[5]

As stated above, this is the second time that Lollis's disability benefits claim has been before this court. In fact, the first two reasons presented here for discounting Dr. Wadee's opinions were previously addressed by this court in its March 26, 2014 order, wherein this court reversed the Commissioner's decision and "remand[ed] the case for further administrative proceedings to determine the proper weight to be given to Dr. Wadee's opinion." Lollis v. Colvin, No. 9:12-cv-1868-DCN, 2014 WL 1268681, *4 (D.S.C. Mar. 26, 2014) Specifically, with respect to the ALJ's determination concerning inconsistency between Dr. Wadee's opinion and his treatment notes, this court held that the ALJ's reliance on only two of Dr. Wadee's treatment notes, without "tak[ing] into account any of the other extensive medical information contained in the doctor's records[]" was merely a "cursory analysis," leaving the court "unable to determine whether the weight given to Dr. Wadee's opinion is supported by substantial evidence."

---

[4] The court finds that the magistrate judge correctly noted that ALJ Chambers did not discount Dr. Wadee's November 18, 2012 statement based on the fact that it was prepared by Lollis's attorney. See R&R 22.
[5] In addition, the ALJ found that Dr. Wadee's opinion was not supported by objective medical evidence and physical examinations. Tr. 392. To support this finding, the ALJ cited Exhibits 13F, 14F, and 16F; these exhibits include approximately eighty-six pages, which are not all relevant to the ALJ's finding. The court finds that this conclusory statement fails to "fully articulate the reasons" for discounting Dr. Wadee's opinion.

8

Id. at 3–4. Next, with respect to the ALJ's determination that Dr. Wadee's opinion was inconsistent with Lollis's testimony and his responses on the Function Report, the court did not consider the issue due to its decision to remand on the prior ground;[6] however, the court held that the ALJ should consider this argument on remand.[7] Id. at 3.

After the case was remanded, ALJ Chambers issued an order on January 8, 2015. Other than further restricting Lollis to less than the full range of light work, ALJ Chambers repeated the same notations and findings by ALJ Avots.[8] In particular, like

---

[6] In addition, the court remanded the case because the ALJ improperly discounted Dr. Wadee's opinion based on his finding that Dr. Wadee's opinion was based on sympathy rather than professional judgment. Lollis, 2014 WL 1268681, at *4. The court found that "sympathy does not provide an appropriate rationale for discounting a treating physician's opinion[.]" Id.

[7] Notably, the ALJ failed to address this issue on remand. Instead, he repeated the same reasoning that was provided in ALJ Avots's decision, albeit his additional statement that Lollis "did not allege any problems caring for his personal hygiene (Exhibit 4E)." Tr. 392. Therefore, for a second time, the court orders the ALJ to consider this second argument on remand.

[8] ALJ Chambers's and ALJ Avots's orders are nearly identical; however, ALJ Chambers's order adds the following relevant notations and findings with respect to his RFC assessment:

[1] The new evidence (discussed above) submitted since the previous ALJ decision has not shown any significant change for his combination of impairments (Exhibits 13F; 14F; 16F). . . .

[2] My limitation to unskilled work with no fast-paced work is related solely to his physical impairments and any limitations from pain or use of medication. . . .

[3] It was not until August 2010 that an MRI of the lumbar spine revealed a focal disc herniation at L5-S1, canal stenosis, and mild diffuse degenerative disc disease and an x-ray revealed facet arthropathy with mild anterolisthesis (Exhibit 13F, Pages 3-5). Despite these radiology reports, a July 2012 examination of the back revealed full range of motion with no tenderness (Exhibit 16F, Page 39). I have accounted for his back problems as well as obesity by restricting him further than the previous ALJ and finding him capable of a reduced range of light work with limited use of the upper extremities and operation of foot controls as well as the use of cane, postural limitations, and exposure to hazards. . . .

9

ALJ Avots, ALJ Chambers discounted Dr. Wadee's opinion, finding it inconsistent with

> [4] I give limited weight to the State agency medical consultant who opined the claimant was capable of medium work with some environmental limitations....
>
> [5] However, new evidence has been submitted since this opinion was rendered, and I have accounted for this evidence in finding the claimant would be further limited to less than the full range of light work with push/pull, foot control, postural, and environmental limitations (Exhibits 13F; 14F; 16F). . . .
>
> [6] In August 2014, I received a third medical source statement Dr. Wadee completed in November 2012 (Exhibit 15F). In this third opinion, which was a statement prepared by [Lollis's] attorney for him to sign, Dr. Wadee was asked to agree with statements concerning [Lollis's] impairments and limitations since July 2008. He first noted problems that existed before the date last insured in June 2008, which included heart problems, COPD, and obesity. He found this combination of impairments affect his ability to perform an exercise treadmill test for more than 2 minutes. Dr. Wadee noted that the stent placement improved his condition but would not allow him to perform anything more than sedentary work. Dr. Wadee also noted [Lollis] currently has a back condition causing nerve root impingement and radicular symptoms. He opined that [Lollis] has significant depression symptoms including anhedonia, psychomotor disturbances, problems concentrating, etc. He opined that these added conditions would limit him to sedentary work and most probably cause problems with attention and concentration sufficient to frequently interrupt tasks at even the sedentary level. . . .
>
> [7] On [Lollis's] Function Report, . . . he did not allege any problems caring for his personal hygiene (Exhibit 4E). . . .
>
> [8] The new evidence submitted since the previous ALJ decision does little to support Dr. Wadee's significant limitations. There is now evidence to support the degenerative disc disease, and I have also accounted for the obesity, in combination with his other impairments, but the objective medical evidence and physical examinations simply do not support limiting the claimant as Dr. Wadee did (Exhibits 13F; 14F; 16F). . . .
>
> [9] In sum, the above [RFC] assessment is supported by the objective medical evidence available, the opinions discussed above, and my own extensive review of the record. . . . Ultimately, [Lollis's] allegations regarding the nature, intensity, and functional imitations of [his] impairments are not supported by the objective medical evidence available. . . .

Tr. 391–92. However, these additional notations and findings provided in ALJ Chambers's decision do not fill the gaps required to properly complete the analysis in determining whether Dr. Wadee's opinion is inconsistent with his treatment notes.

10

Dr. Wadee's treatment notes. Tr. 21, 392. ALJ Chambers failed to provide any explanation beyond that which was already rejected by this court—ALJ Chambers referenced only Dr. Wadee's May 6 and July 1, 2009 treatment notes provided in Exhibit 9F, just as ALJ Avots did. See Tr. 20–21, 392. As previously held by this court, relying on "just one particular section of only two records and . . . not tak[ing] into account any of the other extensive medical information contained in the doctor's records" is simply not enough. Lollis, 2014 WL 1268681, at *3. Therefore, based on this incomplete assessment, the court is unable to find that ALJ Chambers's conclusion that Dr. Wadee's notes were inconsistent with his opinion was supported by substantial evidence. Because the court finds that the ALJ failed to adequately explain and support his findings and conclusions, it remands the case for further administrative proceedings to determine the proper weight to be given to Dr. Wadee's opinion. In addition, the ALJ shall consider Lollis's remaining arguments on remand.

## IV. CONCLUSION

Based on the foregoing, the court **REJECTS** the R&R, **REVERSES** Commissioner's decision, and **REMANDS** for further administrative proceedings.

**AND IT IS SO ORDERED.**

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**September 18, 2017**
**Charleston, South Carolina**